IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

BRIAN DANIAL BUTUSOV,

                     Petitioner,                    OPINION & ORDER

  v.

L.C. WARD,                                          14-cv-726-jdp

                    Respondent.
───────────────────────────────────────────────────────────────

Pro se prisoner Brian Butusov is in the custody of the Bureau of Prisons (BOP). Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, contending that BOP officials have wrongfully denied him compassionate release. I conclude that petitioner cannot proceed with these claims under § 2241. I will therefore dismiss the petition.

BACKGROUND

I draw the following information from the petition and from publically available information about petitioner's underlying criminal convictions.

Petitioner is serving a term of imprisonment for two criminal convictions in the United States District Court for the Northern District of Illinois. When petitioner filed his petition, he was incarcerated at the federal correctional institution in Oxford, Wisconsin. According to the BOP's inmate locator, petitioner is now incarcerated at the federal correctional institution in Sandstone, Minnesota.

Petitioner has asked the BOP for compassionate release. To support this request, petitioner produced evidence that his common-law wife died recently and that his mother, who is the caregiver for petitioner's children, has become incapacitated. The warden approved

petitioner's request and the probation office approved his prerelease plan. But on July 9, 2014, the BOP's Office of General Counsel denied petitioner's request for compassionate release.

Petitioner filed a petition for a writ of habeas corpus in this court on October 24, 2014. He contends that he has satisfied the BOP's criteria for compassionate release and that he should have been released to care for his children.

ANALYSIS

Petitioner left blank the portion of his petition that indicates what relief he wants the court to grant him. Dkt. 1, at 9. But given that petitioner is proceeding under 28 U.S.C. § 2241—a habeas corpus statute—I presume that he seeks release from prison. *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) ("[H]abeas corpus [i]s the exclusive civil remedy for prisoners seeking release from custody."). Specifically, petitioner wants compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows the director of the BOP to move an inmate's sentencing court to modify the inmate's term of imprisonment. For several reasons, I cannot grant petitioner the relief that he seeks.

Petitioner was sentenced in the Northern District of Illinois, not in this court. "Congress has given the *sentencing* court authority over the actual release decision." *Harris v. Cross*, No. 14-cv-306, 2014 WL 1119619, at *2 (S.D. Ill. Mar. 14, 2014) (original emphasis); *see also DeLuca v. Lariva*, 586 F. App'x 239, 240 (7th Cir. 2014). Thus, I do not have authority to grant petitioner compassionate release. And even if this court were the proper forum for petitioner's motion, he cannot directly request compassionate release under § 3582

because the statute requires *the director of the BOP* to file a motion. I must therefore dismiss the petition.

Petitioner meets the same result if I construe his petition as seeking substantive review of whether he satisfies the BOP's internal criteria for compassionate release. This type of review would not fall within the "core of habeas corpus" because it would not "necessarily spell speedier release." *Wilkinson v. Dotson*, 544 U.S. 74, 75 (2005) (citations and internal quotation marks omitted); *cf. Smoke v. United States*, No. 09-cv-2050, 2009 WL 5030770, at *1 (D. Minn. Dec. 14, 2009) (petition for compassionate release "does not challenge the validity of the criminal prosecution that led to [the petitioner's] conviction, the conviction itself, or the execution of his sentence"). The BOP has discretion to move (or to not move) petitioner's sentencing court for a reduced sentence under § 3582(c)(1), and this decision is not reviewable in federal court. *DeLuca*, 586 F. App'x at 240; *see also Crowe v. United States*, 430 F. App'x 484, 485 (6th Cir. 2011) (collecting cases from "courts [that] have determined that the BOP's decision regarding whether or not to file a motion for compassionate release is judicially unreviewable"). This means that even if I determine that petitioner meets the BOP's requirements for compassionate release, I cannot order the BOP to move to reduce petitioner's sentence. Thus, granting his petition would not necessarily guarantee petitioner speedier release.

Based on the petition, I am not persuaded that it would be appropriate to convert this case into a civil rights suit. *See Glaus*, 408 F.3d at 389. The respondent—the warden of petitioner's former institution—would likely not be the proper defendant for a civil rights claim. Nor is it clear that petitioner believes that the BOP's decision violated his constitutional rights; rather, he appears to seek only a second opinion on whether he satisfies

the BOP's criteria for compassionate release. I will therefore dismiss this petition. But my dismissal will be without prejudice to petitioner pursuing his claims in a new civil rights suit. Any new suit would be governed by the provisions of the Prison Litigation Reform Act. Specifically, petitioner would be required to pay a filing fee and could be assessed a "strike" if the court determines that his suit is frivolous, malicious, or fails to state a claim upon which relief may be granted.

## ORDER

IT IS ORDERED that:

1. Petitioner Brian Butusov's petition for a writ of habeas corpus, Dkt. 1, is DISMISSED without prejudice.

2. The clerk of court is directed to close this case.

Entered April 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge